PER CURIAM:
The claimants, Robert H. Trail and Lori A. Trail, seek an award of $1,952.42 from the respondent, Division of Highways, for damage to a 1986 Chevrolet Camaro owned by Mrs. Trail. The damage occurred during the after noon of March 12, 1995, when a storm drain grate struck the undercarriage of Mrs. Trail’s vehicle. The grate covered a storm drain inlet located in a parking lot for Dwight’s restaurant which is adjacent to Route 19 near Hurricane, West Virginia. According to the claimants, the grate appeared to be in good condition. However, when the tire of the vehicle pressed against one corner of the grate. The other side of the grate struck the undercarriage of the vehicle.
As a result of the accident, the transmission was severely damaged. The cost to repair the damaged vehicle was estimated to be $1,852.42. The claimants also incurred a bill in the amount of $90.00 to tow the vehicle away from the scene of the accident. In addition, the claimants paid $10.00 to obtain a police report for the incident. Mr. Trail testified that he has expended $600.00 partially to repair the vehicle. However, he was unable to present any tangible evidence to corroborate this amount.
The record reveals that the storm drain inlet was located approximately twenty-two feet from the edge of the Route 19. Although the .storm drain appeared to be on a private parking lot, the record reveals that the inlet was located on the respondent’s right-of-way. Gary Stanley, a crew chief for the respondent, testified that he was unaware that the inlet was on the respondent’s right-of-way prior to claimants’ accident. Nevertheless, Mr. Stanley admitted that the respondent was responsible for maintaining the storm drain involved in this claim.
In West Virginia, the respondent has a duty to maintain roads in a reasonably safe condition. Although this does not make the respondent an insurer of the safety of motorists, it does require the respondent to exercise reasonable diligence and care in monitoring and repairing road defects. Although the facts in this claim indicate that the storm drain inlet was not located on the roadway, it is clear that the defective inlet was on the respondent’s right-of-way, and located in an area where motorists were likely to encounter the defect. Therefore, the Court finds that the respondent should have known of the defective inlet and corrected the problem in a timely manner.
Based on the above, the Court makes an award to the claimant in the amount of $1,952.42.
Award of $1,952.42.